

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,090

### EX PARTE CHARLES FRANKIE NIETO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 4-95-95-A-A IN THE 114TH JUDICIAL DISTRICT COURT
### FROM SMITH COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Nieto v. State*, No. 12-95-00204-CR (Tex. App. – Tyler, May 29, 1997, no pet.)

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance because he failed to communicate with Applicant regarding the content and progress of the appeal, filed an appeal that failed to raise meritorious points of error was insufficiently briefed, and failed

to advise Applicant when the court of appeals affirmed the conviction so that Applicant could pursue discretionary review. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that there is no evidence that appellate counsel communicated with Applicant either before or after filing the appeal of this matter, or that appellate counsel informed Applicant that his conviction had been affirmed and that Applicant had a right to file a *pro se* petition for discretionary review. The trial court recommends granting Applicant the opportunity to file an out-of-time petition for discretionary review. However, because appellate counsel's deficient performance amounted to the deprivation of counsel during the direct appeal, we find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Case No. **4-95-95-A-A** from the 114th Judicial District Court of Smith County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: February 4, 2009
Do Not Publish